**Ralph RODRIGUEZ, Plaintiff–Appellant,**

v.

**Sharon MALCOLM; et al., Defendants–Appellees.**

No. 14–15304.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Decided Dec. 1, 2015.

Bradley L. Booke, Moriarity Badaruddin & Booke, Salt Lake City, UT, Shandor Badaruddin, Shandor S. Badaruddin, Missoula, MT, for Plaintiff–Appellant.

Michael J. Hrnicek, Esquire, Assistant Attorney General, Arizona Attorney General's Office, Phoenix, AZ, for Defendants–Appellees.

Appeal from the United States District Court for the District of Arizona, Neil V. Wake, District Judge, Presiding. D.C. No. 2:11–cv–01373–NVW.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM [**]

Former Arizona state prisoner Ralph Rodriguez appeals from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment for McMorran and Malcolm because Rodriguez failed to raise a genuine dispute of material fact as to whether these defendants were personally involved or responsible for any of the alleged inadequate care. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir.2011) (a supervisor is liable under § 1983 only if he or she is personally involved in the constitutional deprivation or there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation marks omitted)); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.1988) (the causation analysis under § 1983 is "individualized and focus[es] on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation"). Moreover, Rodriguez failed to raise a triable dispute as to any constitutionally deficient policy implemented by these defendants. *See Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir.1991) (en banc) (supervisors are liable if they "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation" (citation and internal quotation marks omitted)), *abrogated on other grounds by*

*Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

The district court properly granted summary judgment for Macabuhay and Martinez because Rodriguez failed to raise a triable dispute as to whether these defendants knew that Rodriguez's numerous complaints of chest pain and shortness of breath presented an excessive risk to Rodriguez's health, and disregarded this risk. *See Lemire v. Cal. Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1082 (9th Cir.2013) (a prison official is deliberately indifferent if he or she is subjectively aware of the serious medical need and fails to adequately respond; even gross negligence does not constitute deliberate indifference).

The district court properly granted summary judgment for King because Rodriguez failed to raise a triable dispute as to whether King was deliberately indifferent to Rodriguez's complaints of chest pain and shortness of breath and the growing lump in his chest. *See Toguchi*, 391 F.3d at 1058 (to be deliberately indifferent, treatment must be medically unacceptable under the circumstances and chosen in conscious disregard of an excessive risk to a prisoner's health).

We reject Rodriguez's contentions regarding King's reconsideration motion because the district court construed the motion as one for summary judgment and granted it on that basis.

**AFFIRMED.**

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.